UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| MARCIA M. SNELL,<br><br>      *Plaintiff,*<br><br>v.<br><br>REBECCA A. REID,<br><br>      *Defendant.* | CASE NO. 3:21-cv-24<br><br>MEMORANDUM OPINION & ORDER<br><br>JUDGE NORMAN K. MOON |

  Following a two-day jury trial in early August 2022, the jury returned a verdict in favor of Defendant Rebecca Reid and found she was not liable for constructive fraud. Dkt. 296. Plaintiff Marcia Snell, proceeding *pro se*, filed an appeal in the Fourth Circuit, but the case was remanded to this Court for the limited purpose of allowing it to rule on Plaintiff's post-judgment motions. Dkt. 328. After the Court denied her post-judgment motions, Defendant Reid filed a cross-appeal in the Fourth Circuit. Dkts. 351, 355. Plaintiff has now filed a motion to compel Defendant Reid to order a complete jury trial transcript for the record of the cross-appeal, pursuant to Federal Rule of Appellate Procedure 10(b)(3)(C). For the following reasons, the Court will deny her motion.

  In her motion to compel, Plaintiff argues that all evidence, testimony, statements, and Court decisions made or presented during trial are necessary for Defendant Reid's cross-appeal of the Court's rulings on Defendant's oral motion for judgment as a matter of law and the jury

1

instructions. Dkt. 378 at 5.[1] Defendant Reid opposes the motion, arguing that she has ordered the necessary portions of the trial transcript for her cross-appeal. *See* Dkt. 383.

Federal Rule of Appellate Procedure 10(b)(3)(A) provides that "[u]nless the entire transcript is ordered . . . the appellant must—within 14 days . . . —file a statement of the issues that the appellant intends to present on the appeal." "[I]f the appellee considers it necessary to have a transcript of other parts of the proceedings, the appellee must, within 14 days after the service of the order or certificate and the statement of the issues, file and serve on the appellant a designation of additional parts to be ordered." Fed. R. App. P. 10(b)(3)(B).[2] If the appellant does not order the requested parts within 14 days, "the appellee may within the following 14 days either order the parts or **move in the district court for an order requiring the appellant to do so**." Fed. R. App. P. 10(b)(3)(C) (emphasis added); *see LeClair v. Raymond*, No. 1:19-cv-28, 2022 WL 7008279, at *1 (N.D.N.Y. Oct. 12, 2022).

Here, Defendant Reid has not ordered the entire trial transcript as requested by Plaintiff. *See* Dkt. 365. Instead, she has ordered the following parts of the trial transcript: (1) Defendant Reid's oral motion for judgment as a matter of law, Dkt. 317; (2) the Court's jury instructions,

---

[1] Defendant Reid has indicated that the issues on cross-appeals include: (1) the Court's ruling on her oral motion for judgment as a matter of law during trial; (2) the Court's partial denial of her motion to dismiss; (3) the Court's granting of Plaintiff's proposed jury instructions concerning constructive fraud and a principal's liability for the fraudulent actions of its agent; and (4) the Court's adverse decisions to Defendant Reid related to the Court's rulings on Defendant Reid's oral motion for judgment as a matter of law and motion to dismiss. Dkt. 352. Plaintiff does not argue that the entire trial transcript is necessary for Defendant Reid's cross-appeal of the denial of her motion to dismiss, which occurred before trial. *See* Dkt. 378.

[2] It is undisputed that Plaintiff filed and served a designation of additional parts to be ordered. *See* Dkt. 365 (Cross-Appellee Snell's Designation of Additional Parts of the Jury Trial Transcript to be Included in the Record on Cross-Appeal). Thus, the only disputed issue is whether the Court should compel Defendant Reid to order the requested parts of the trial transcript.

Dkt. 318; (3) Defendant Reid's testimony, Dkts. 359; (4) Plaintiff Snell's testimony, Dkt. 360; (5) the parties' arguments regarding the proposed jury instructions, Dkt. 361; (6) the testimony of Plaintiff's husband, Bruce Snell, Dkt. 375; the testimonies of Plaintiff's experts, (7) Gregory Beste, Dkt. 376, (8) Joshua Beste, Dkt. 377, and (9) Romney Andersen, MD, Dkt. 398; the testimonies of Defendant Reid's experts, (10) Michael Bowen, DPM, Dkt. 396, and (11) David Uliana, PE, Dkt. 397; and (12) Defendant's opening argument, Dkt. 399.[3]

The Court first finds that the issue of whether the Court erred in its ruling on Defendant Reid's oral motion does not necessitate the inclusion of the entire trial transcript in the record for the cross-appeal. Following the presentation of Plaintiff's evidence, Defendant Reid moved for judgment as a matter of law, claiming Plaintiff's evidence failed to show Defendant Reid committed constructive fraud. *See* Dkt. 331. The Court took her motion under advisement and then allowed Defendant Reid to present her evidence. Dkt. 331 at 16. For this issue on cross-appeal, the Fourth Circuit would likely need to review Plaintiff's evidence on the issue of Defendant Reid's liability and the parties' arguments presented prior to the Court deciding to take the motion under advisement. Defendant Reid has ordered the portion of the transcript reflecting Defendant Reid's oral motion, which includes the parties' arguments on the motion. Dkt. 317. She has also ordered the testimonies of all Plaintiff's witnesses. Dkts. 359, 360, 375–77, 398. Thus, Defendant Reid has ordered the necessary parts of the trial transcript for this issue on cross-appeal.

The Court also finds that the issue of whether the Court erred in its issuance of the jury instructions does not necessitate the inclusion of the entire trial transcript for the cross-appeal.

---

[3] In addition to ordering these parts of the trial transcript, Defendant Reid has ordered the entire transcript of the motion to dismiss hearing, Dkt. 319, and the entire transcript on Plaintiff's post-trial motions hearing, Dkt. 358.

During trial, Defendant Reid objected to the constructive fraud instruction by stating that the "case law is pretty clear that a landlord cannot be responsible for constructive fraud or for a latent defect after possession has been given to a tenant." Dkt. 372 at 4. Determining whether the Court erred in its issuance of the jury instructions therefore is a legal question for the Fourth Circuit and does not necessitate the entire trial transcript. Additionally, Defendant Reid has already ordered the portions of the trial transcript reflecting the parties' arguments on the proposed jury instructions and the jury instructions given at trial, which are relevant for the Fourth Circuit's review of this issue. *See* Dkts. 318. 361.

For these reasons, the Court **DENIES** Plaintiff's motion to compel. Dkt. 378.

It is so **ORDERED**.

The Clerk of Court is directed to send a copy of this Memorandum Opinion and Order to Plaintiff and all counsel of record.

Entered this 24th day of January, 2023.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE