CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
5/19/2025
LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
     DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| MARCIA M. SNELL, *Plaintiff,* v. BUFFY JO GUSTAFSON, *et al.*, *Defendants.* | CASE NO. 3:21-cv-00024<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

Plaintiff Marcia Snell moves for relief from judgment under Federal Rule of Civil Procedure 60(b)(1). *See* Dkt. 495 (amended motion); Dkt. 496 (mem. in support). As explained below, Plaintiff's motion is **GRANTED in part** and **DENIED in part**, on the basis that the Court considered inadmissible evidence in ruling on the motion for summary judgment. A separate order will issue.

## I.   Procedural History

At the outset of this case, Plaintiff Marcia Snell raised five causes of action against Defendants Rebecca A. Reid, Buffo Jo Gustafson, Hasbrouck Real Estate Corporation ("Hasbrouck" or "HBREC"), alleging that, *inter alia*, the defendants were liable for constructive fraud when they misrepresented the state of a hand railing that later injured Plaintiff. This Court granted summary judgment in favor of Defendants Gustafson and HBREC on the constructive fraud claim and dismissed them from the case. Dkt. 250. Meanwhile, Plaintiff's case against Reid proceeded to a jury trial. After the jury found that Reid was not liable for constructive fraud, Dkt.

– 1 –

296, Plaintiff appealed the jury verdict and the Court's grant of summary judgment as to Defendants Gustafson and HBREC. Dkt. 310.

The Fourth Circuit affirmed in part and reversed in part. *Snell v. Reid*, No. 22-1869, 2024 WL 2815061 (4th Cir. June 3, 2024). Pertinent here, the Fourth Circuit vacated the Court's grant of summary judgment to Gustafson and HBREC on Plaintiff's constructive fraud claim. *Snell*, 2024 WL 2815061, at *2. The Fourth Circuit held that this Court erred when it "rejected Snell's constructive fraud claim against the management defendants due to those defendants' lack of involvement in or knowledge of the painting or repair of the subject stairs." *Id*. The Fourth Circuit explained that "Snell's constructive fraud claim against the management defendants centered around Gustafson's alleged statements during a pre-rental walkthrough," and that, for purposes of constructive fraud, "it is irrelevant whether Gustafson knew those statements were false at the time she allegedly made them." *Id*. Accordingly, the case was remanded for further proceedings consistent with the Fourth Circuit opinion, and this Court entered a scheduling order to docket Plaintiff's constructive fraud claim against Defendants Gustafson and HBREC as the sole remaining cause of action in the case. Dkt. 413.

Substantial pre-trial motions practice ensued. Plaintiff and Defendants moved for summary judgment, and Plaintiff filed various motions in limine to admit and exclude evidence. Relevant here, Defendants moved for leave to amend their answer to add the affirmative defense of res judicata. Dkt. 434. Defendants then moved for summary judgment based on res judicata. Dkt. 438.

The Court granted Defendants' motion to amend their answer to plead res judicata, and likewise granted Defendants' motion for summary judgment, finding that the elements of claim preclusion and issue preclusion were met and that no dispute of material fact existed to contradict this conclusion. *See* Dkt. 487 (memorandum opinion); Dkt. 488 (order). Plaintiff now moves for

relief from that judgment under Federal Rule of Civil Procedure 60(b)(1). *See* Dkt. 495 (amended motion); Dkt. 496 (mem. in support).

## II.     Legal Standard

Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party . . . from a final judgment, order or proceeding" on a limited number of grounds. Fed. R. Civ. P. 60(b). "To prevail, a party must demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017) (*citing Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). "Once a party has met this threshold, he must then show that he qualifies for relief under one of the six specific categories listed in Rule 60(b)." *Justus v. Clarke*, 78 F.4th 97, 105–06 (4th Cir. 2023).

Of the six categories, subsection (b)(1) permits a court to relieve a party from a final judgment when the judgment is compromised by "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The term "mistake" encompasses a judge's error of law, both obvious and non-obvious. *See Kemp v. U.S.*, 596 U.S. 528, 533-34 (2022) ("Rule 60(b)(1) covers all mistakes of law made by a judge.").

Any Rule 60(b) motion must be made within a "reasonable time," and, for subsections (1) through (3), a reasonable time means "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

## III.    Discussion

As a preliminary matter, Plaintiff has met the threshold showing for a Rule 60(b) motion because (i) her motion was timely filed (only weeks after the Court issued judgment), (ii) she presents exceptional circumstances and a meritorious defense by pointing to legal error that

– 3 –

undermines the Court's judgment and potentially refutes summary dismissal, and (iii) Defendants are not prejudiced by relief from the judgment, since they had due notice of the motion for relief and will be granted leave to file a renewed motion for summary judgment.

As a substantive matter, Plaintiff argues that she is entitled to relief from the Court's judgment on four grounds of legal "mistake." *See* Fed. R. Civ. P. 60(b)(1). First, she argues that the Court erred in applying Virginia law, as opposed to federal law, when determining the date on which the Reid judgment became final for claim preclusion purposes. Second, she argues that, but for the Court's purported choice of law error, the Court would not have granted Defendants' leave to belatedly plead their res judicata defenses, such that their belated defenses should now be stricken. Third, she argues that even if leave to amend was proper, Defendants are judicially estopped from asserting res judicata since they previously argued that it did not apply in this case. Finally, she argues that the Court erred in granting summary judgment when it relied on inadmissible evidence or otherwise incorrectly granted summary judgment when disputes of material fact remained.

The Court rejects all of Plaintiff's arguments save her last. We nonetheless address each argument fully in order to streamline future litigation in this case.

### A. Whether the Court Erred in Applying Virginia Law for Preclusion Purposes

In its order, the Court stated that when determining the preclusive effect of a prior federal court decision, a federal court sitting in diversity must look to the "law that would be applied by state courts in the State in which the federal diversity court sits." *See* Dkt. 487 at 7 (quoting *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001). Accordingly, as a federal court in the Commonwealth of Virginia, sitting in diversity, the Court applied Virginia law to determine the application of res judicata in the instant case. *Id.* Plaintiff argues that this was incorrect, because

according to the Fourth Circuit's decision in *Shoup v. Bell & Howell Co.*, 872 F.2d 1178 (4th Cir. 1989), the res judicata effect of a prior federal action is determined under federal law, whether the action was rendered under diversity jurisdiction or another basis of federal jurisdiction. In other words, Plaintiff argues that *Shoup* contradicts our reliance on *Semtek*.

The choice of law matters here,[1] but we need not examine the ramifications in depth because *Shoup* is no longer controlling authority. *Shoup* concluded that federal law should apply, since "[w]hile state law certainly controls the rights and duties of the parties in a federal action founded upon diversity of citizenship," *see Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), "'questions of the effect and scope of [a federal court's] judgment involve the power of the federal tribunal itself, and are not varied merely because state rules of decision underlie the judgment.'" *Shoup*, 872 F.2d at 1179 (quoting *Harnett v. Billman*, 800 F.2d 1308, 1312 (4th Cir.1986)). In other words, "[t]he judgment of a federal court is no less a federal judgment because it was rendered in diversity," such that "[f]ederal law determines the effects under the rules of res judicata of a judgment of a federal court." *Id*. (quoting Restatement (Second) of Judgments § 87 (1982)).

But while *Shoup* on its face supports Plaintiff's argument that federal preclusion standards apply here, the Supreme Court's later decision in *Semtek* displaces *Shoup*. In *Semtek*, the Supreme Court stated that "federal *common law* governs the claim-preclusive effect of a dismissal by a

---

[1] Under federal law, a judgment becomes final for preclusion purposes upon its issuance, and a party's appeal of the judgment does nothing to change that. *See Georgia Pacific Consumer Products, LP v. Von Drehle Corp.*, 710 F.3d 527, 534, n.7 (4th Cir. 2013) (citing *Smith v. SEC*, 129 F.3d 356, 362 n. 7 (6th Cir.1997) (en banc) ("The fact that Smith has an appeal of that judgment pending does not deprive the judgment of res judicata effect."). But under Virginia law, "[a] judgment is not final for the purposes of res judicata or collateral estoppel when it is being appealed." *Faison v. Hudson*, 417 S.E.2d 302, 305 (Va. 1992). Thus, under federal law, the jury verdict rendered in favor of former-Defendant Reid became final once issued, and Plaintiff's appeal did nothing to change that. With that being the case, the instant Defendants would have been free to raise their preclusion defenses much earlier than they did, questioning whether this Court's decision to grant leave to amend was proper. Under Virginia law, however, Defendants could not have raised their preclusion defenses until <u>after</u> the Fourth Circuit had decided Plaintiff's appeal, a difference of several years.

federal court sitting in diversity," and the common law rule is to adopt the law "that would be applied by the state courts in the State in which the federal diversity court sits," as long as the state rule is not "incompatible with federal interests." *Semtek*, 531 U.S. at 508-09 (emphasis added). *Semtek*, therefore, is directly incompatible with *Shoup*.

Although this Court is unaware of Fourth Circuit case law directly acknowledging that *Shoup* is abrogated, we are not required to locate such a statement. A published Fourth Circuit decision is binding on this Court unless the Fourth Circuit overrules its prior decision <u>or</u> the Supreme Court issues a superseding decision. *See United States v. Dodge*, 963 F.3d 379, 383 (4th Cir. 2020) ("A decision of a panel of this court becomes the law of the circuit and is binding on other panels unless it is overruled by a subsequent en banc opinion of this court or a superseding contrary decision of the Supreme Court."). Here, *Semtek* is a superseding decision. Thus, we consider *Shoup* to be abrogated insofar as it held that federal diversity courts should apply federal preclusion law in a second federal action.

We are supported in this conclusion by the fact the Fourth Circuit has applied *Semtek* on multiple occasions, including on occasions that mirror the context of the instant case. *See, e.g., Q Intern. Courier Inc. v. Smoak*, 441 F.3d 214, 218 (4th Cir. 2006) ("In this case, the first action—which was based on diversity jurisdiction—was adjudicated in the federal district court sitting in Virginia. Under *Semtek*, the preclusive effect, if any, of the first action on the second action should have been decided under the res judicata law of the state of Virginia—the law of the state where the federal district court sat in the first action."). Indeed, the Fourth Circuit has even expanded *Semtek* by holding that its rule of decision applies (i) to issue preclusion (not just claim preclusion) and (ii) in cases rendered under supplemental jurisdiction (not just diversity jurisdiction). *See Hately v. Watts*, 917 F.3d 770, 778 (4th Cir. 2019) ("[W]e hold that when a federal court exercises

supplemental jurisdiction over a state law claim, federal common law governs the preclusive effect of the federal court's disposition of that claim. The federal rule of decision in such cases is to apply state preclusion law, unless the state preclusion law is incompatible with federal interests.") (citing *Semtek*, 531 U.S. at 508-09).

Thus, we remain faithful to our original exposition of the choice of law issue here. Federal common law governs the res judicata effect of the jury verdict rendered in favor of Defendant Reid in this case, because that verdict was rendered under diversity jurisdiction. Under federal common law, we apply the preclusion law "that would be applied by the state courts in the State in which the federal diversity court sits," as long as the state rule is not "incompatible with federal interests." *Semtek*, 531 U.S. at 508-09. Here, the state is Virginia, and we discern no reason why Virginia law is "incompatible with federal interests," *see Smoak*, 441 F.3d at 218, n.1, such that Virginia preclusion law applies. Therefore, Plaintiff's argument that our prior order erred by applying Virginia law is incorrect and must be rejected.

### B. Whether Granting Leave to Amend was Error

Plaintiff next argues that granting leave to amend was improper, but her argument assumes that the Court's choice of law conclusion was erroneous. *See* Dkt. 496 at 9 ("The Court's incorrect assumption that Reid's judgment was not final until the appeal was finalized and Reid's judgment was affirmed caused this court to erroneously conclude that the Defendants' could not have argued their defenses earlier and therefore had not unduly delayed in bringing them forth to the district court after years had passed after they first arose."). Because we have rejected her choice of law argument above, *see* Section A, *supra*, and because Virginia law applies to determine the date on which Reid's judgment became final, we reject Plaintiff's argument that leave to amend was improper based on waiver and undue delay.

### C. Whether Judicial Estoppel Applies

Third, Plaintiff argues that Defendants should be judicially estopped from asserting res judicata as an affirmative defense because Defendants previously denied that the elements of res judicata exist here. *See* Dkt. 496 at 18 (Plaintiff stating that, "at all times during this litigation and their discovery responses," Defendants have "consistently denied that privity, employer-employee relations, mutuality, res judicata or collateral estoppel existed between Defendants Reid, Gustafson, and Hasbrouck"). Judicial estoppel is an equitable doctrine that "prevents a party who has successfully taken a position in one proceeding from taking the opposite position in a subsequent proceeding." *King v. Herbert J. Thomas Meml. Hosp.*, 159 F.3d 192, 196 (4th Cir. 1998) (citing *Lowery v. Stovall*, 92 F.3d 219, 223 (4th Cir. 1996)). We agree that Defendants have previously denied that res judicata applied in this case,[2] but the elements of judicial estoppel are not met. To establish judicial estoppel, a party must show that (1) the party to be estopped is asserting a position that is factually incompatible with a position taken in a prior judicial or administrative proceeding; (2) the prior inconsistent position was accepted by the tribunal; and (3) the party to be estopped took its inconsistent positions intentionally for the purpose of gaining unfair advantage. *King*, 159 F.3d at 196. First, it is not clear that Defendants'

---

[2] In their response to Plaintiff's renewed motion for summary judgment, Defendants stated as follows: "It appears that Plaintiff is trying to invoke the doctrine of collateral estoppel . . . . Collateral estoppel is not available here . . . . Defendants Gustafson and HBREC did not have a full opportunity to litigate the issues of contributory negligence and failure to mitigate damages as they were dismissed from the case prior to the trial. They did not have the opportunity to present their own evidence at trial, did not have the opportunity to cross-examine Plaintiff or Plaintiff's witnesses, and could not present argument on their affirmative defenses at the close of trial evidence. Therefore, the factual findings made at codefendant Reid's separate trial, in which Defendants Gustafson and HBREC had no opportunity to present evidence, are not binding on the current Defendants." *See* Dkt. 429 at 4-5 (Response to Plaintiff's Renewed Motion for Summary Judgment). Indeed, at a later hearing on Plaintiff's and Defendants' cross-motions for summary judgment, Defendants conceded that they had previously argued res judicata did not apply: "And to address plaintiff's argument that we . . . have previously argued that the doctrines of res judicata and collateral estoppel did not apply, that is true . . . . [W]e did argue previously that it did not apply, but to be frank, [counsel] was not aware that parties could be . . . bound to a prior order if they were in privity with each other. That's why that was not argued." Dkt. 492 at 13 (Transcript of Hearing on Cross-Motions for Summary Judgment).

prior position is factually incompatible with their current position. Defendants previously argued that "the factual findings made at codefendant Reid's separate trial, in which Defendants Gustafson and HBREC had no opportunity to present evidence, are not binding on the current Defendants" since Gustafson and HBREC were dismissed prior to trial and therefore "did not have a full opportunity to litigate the issues of contributory negligence and failure to mitigate damages." Dkt. 429 at 4-5. This argument reflects Defendants' misapprehension of the law regarding issue preclusion and privity. While it is true that Defendants were not present for Reid's trial, **privity provides the legal mechanism** to conclude that they nonetheless had the opportunity to "actually litigate" during the trial based on identity of the parties. In this light, Defendants' prior argument does not *factually* contradict their current argument that collateral estoppel applies, as their prior argument was based on a *legal* misunderstanding of privity. With privity now on their radar, they have shifted their position regarding res judicata, which Plaintiff seeks to resist. As to the second and third elements, the Court never once adopted Defendants' prior position, and Defendants did not take their prior position "for the purpose of gaining unfair advantage." *King*, 159 F.3d at 196. Instead, as noted, Defendants frankly admitted to the Court that they had made a legal error, Dkt. 492 at 13, and none of their actions suggest bad faith. For these reasons, judicial estoppel does not apply and Plaintiff's argument on this ground is rejected.

### D.  Whether the Court Erred in Relying on Certain Facts

Finally, Plaintiff argues that the Court erred in granting summary judgment by, *inter alia*, relying on evidence that cannot support a motion for summary judgment. Specifically, Plaintiff contends that Defendants' motion for summary judgment "cited to nothing other than the highly disputed 'judicial admissions' of the pro se Plaintiff," which were "not even admissions because

they were [statements] contained within her briefs." Dkt. 496 at 22. Plaintiff argues that "[t]he Court mistakenly relied on Snell's statements as evidence of undisputed facts." *Id*.[3] The Court agrees.

Summary judgment is proper only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that there is no genuine dispute of material fact must support the assertion by citing to particular materials in the record, including "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Evidence to support summary judgment must be admissible evidence, and a party "may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2).

Here, Defendants' motion for summary judgment argued "that the elements of res judicata and collateral estoppel are met in this case **based on Plaintiff's own admissions** that the elements of both doctrines are satisfied." Dkt. 439 at 3 (emphasis added). Defendants' statement of "Undisputed Facts" relied almost entirely on Plaintiff's purported admissions, while, in a footnote, they attempted to incorporate the entire "course of this case" into the record without any citation to record materials. *Id*. at 3, n.1. In other words, Defendants' motion for summary judgment was almost entirely premised on using Plaintiff's admissions against her. The Court erred by considering Plaintiff's admissions as record evidence to support summary judgment.

---

[3] Plaintiff also argues that the Court erred by stating that Gustafson was employed by Hasbrouck, when instead, according to Plaintiff, Gustafson was employed by "a non-party, BCB Real Estate Group, LLC." Dkt. 496 at 18-19 (citing Dkt. 487). The veracity of this statement remains unclear, and it also unclear whether an error of fact can be raised on a Rule 60(b)(1) motion. But in any case, the Court need not address the issue here because the Court will grant Plaintiff's motion on other grounds, allowing for a fuller evidentiary exposition of the employment relationships in this litigation.

*See, e.g.*, Dkt. 487 at 13 (memorandum opinion stating, as part of privity analysis, that "Plaintiff herself has stated in several other filings that privity existed between Reid and Defendants, especially emphasizing the notion that the two groups of defendants share the same interest in this litigation").

"A judicial admission is a representation made by a party that, unless allowed by the court to be withdrawn, is conclusive in the case." *Everett v. Pitt Cnty. Bd. of Educ.*, 788 F.3d 132, 141 (4th Cir. 2015) (internal citations and quotations omitted). A purported judicial admission must be "deliberate, clear, and unambiguous." *Id*. However, statements in legal memoranda, unlike pleadings, generally "do not generally constitute binding judicial admissions." *Northern Ins. Co. of N.Y. v. Baltimore Bus. Commc'n.*, 68 Fed. Appx. 414, 421 (4th Cir. 2003) (unpublished); *Hecht v. Am. Bankers Ins. Co.*, 2005 WL 2716373, at *3 (W.D. Va. Oct. 21, 2005) (citing *Northern Insurance* and collecting cases) ("The Fourth Circuit, however, has generally ruled that a statement in an opposing party's brief does not create an issue of material fact sufficient to defeat summary judgment.").

Here, we are reluctant to construe *pro se* Plaintiff's statements as "deliberate, clear, and unambiguous," and even if they were, her statements are not binding admissions since they appear in legal memoranda, not pleadings. Although the Court relied on other materials in finding that res judicata applied, we conclude that the paucity of Defendants' motion and our reliance on Plaintiff's admissions constitutes sufficient error to warrant relief from judgment. Defendants bear the burden of proving their affirmative defenses by a preponderance of the evidence, *D'Ambrosio v. Wolf*, 809 S.E.2d 625, 628 (Va. 2018), following the strictures of Federal Rule of Civil Procedure Rule 56. In view of the law regarding judicial admissions and summary judgment in general, they have not done so.

\*\*\*

For the reasons stated above, the Court will grant Plaintiff's Rule 60 motion insofar as it seeks relief from the award of summary judgment in Defendants' favor. For the same reasons, the Court must now deny Defendants' motion for summary judgment based on res judicata, Dkt. 438. However, pursuant to Rule 56(e), the dismissal is **without prejudice** to refiling a renewed motion for summary judgment based on res judicata.

When a court determines that a party has "fail[ed] to support an assertion of fact or properly support an assertion of fact or fails to properly address another party's assertion of fact" as required by Rule 56, the court may:

> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). According to the advisory committee's notes to the 2010 Amendment, "subdivision (e)(1) recognizes that the court may afford an opportunity to properly support or address" facts which have not been properly supported, and that, "[i]n many circumstances this opportunity will be the court's preferred first step." *See* Fed. R. Civ. P. 56 advisory committee's notes, 2010 Amendment. Subdivision (e)(4), meanwhile, "recognizes that still other orders may be appropriate," and that "[t]he choice among possible orders should be designed to encourage proper presentation of the record." *Id.*

Here, the Court elects to give Defendants an opportunity to properly support a renewed motion for summary judgment based on res judicata, if applicable, which complies with the strictures of Rule 56(c). This decision promotes "proper presentation of the record," serves the interest of judicial economy, and aligns with the decisions of other district courts in this circuit

which have opted to allow renewed briefing on summary judgment motions, rather than rule on inadequate records. *See, e.g., Sodexo Operations, LLC v. Columbus Cnty. Bd. of Educ.*, 2013 WL 461808 (E.D.N.C. Feb. 6, 2013), *report and recommendation adopted*, 2013 WL 655005 (E.D.N.C. Feb. 21, 2013) ("[T]he court concludes that the parties have failed to properly support their respective factual assertions in support of and in opposition to the motion for summary judgment as required by Fed.R.Civ.P. 56(c)(1). Justice dictates, however, that they be permitted another opportunity to litigate the issues presented. Therefore, in accordance with Rule 56(e)(1), it will be recommended that the motion for summary judgment be denied without prejudice to plaintiff's refiling it."); *see also Ean Holdings, LLC v. Ishola*, 2015 WL 1276900, at *5 (S.D.W. Va. Mar. 20, 2015) (denying motion for summary judgment without prejudice to refiling under Rule 56(e)(1) where party had not "properly supported his version of the facts"); *Banks v. Ramsey*, 2015 WL 5157488, at *2 (D. Md. Sept. 1, 2015) (denying motion for summary judgment without prejudice to refiling where facts supporting motion were "not properly before the Court"); *Thomas v. City of Annapolis*, 2018 WL 1183657, at *4 (D. Md. Mar. 7, 2018) (denying motion for summary judgment without prejudice to refiling "in light of the reopening of discovery" and allowing "supplemental briefing" related to the permitted discovery); *Daniel v. Natl. Cas. Ins. Co.*, 135 F. Supp. 3d 355, 358-59 (D. Md. 2015) (noting that, in prior order on summary judgment, court found "the parties' respective briefings inadequate" and therefore denied summary judgment without prejudice and "provide[d] an opportunity for the parties to file new motions for summary judgment").

IV. **Conclusion**

Because the Court's prior award of summary judgment in Defendants' favor was compromised by legal error, the Court hereby **GRANTS in part** and **DENIES in part** Plaintiff's motion for relief from judgment, **Dkt. 495**, as set forth below:

(1) Plaintiff's motion is **GRANTED** insofar as the Court's prior order and opinion granted Dkt. 438, Defendants' motion for summary judgment on res judicata grounds. That portion of the Court's prior ruling is **VACATED**, *see* Dkt. 487, Part III (Mem. Op.); Dkt. 488 (Order).

(2) Plaintiff's motion is **DENIED** insofar as the Court's prior order and opinion granted Dkt. 434, Defendants' motion for leave to amend their answer to plead res judicata. *See* Dkt. 487, Part II (Mem. Op.); Dkt. 488 (Order). That portion of the Court's prior ruling stands.

Additionally, the Court orders that:

(3) Defendants' motion for summary judgment on res judicata grounds, Dkt. 438, which the Court previously granted, is now **DENIED without prejudice**. Defendants are afforded 60 days to conduct reasonable discovery and file a renewed motion for summary judgment based on res judicata, if applicable.

(4) Plaintiff and Defendants' other pretrial motions (Dkts. 420, 423, 426, 441, 443, and 446), which the Court previously denied as moot, are **no longer moot** and shall be considered live motions. However, the Court will stay consideration of these motions until the 60-day window has passed.

An accompanying order will issue to this effect.

The Clerk of Court is directed to send a copy of this Memorandum Opinion to Plaintiff and all counsel of record.

Entered this 19th day of May, 2025.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE